**Northbrook**
**Insurance Company**
Northbrook, Illinois

# Declarations – Special Cover Policy – Casualty

Renewal of No. ______________________

~~63-300-069~~
Policy Number

Item 1. Named Insured: UNIGARD MUTUAL INSURANCE COMPANY IRO
TESORO PETROLEUM CORPORATION

Item 2. Address: C/O ALLEN, MILLER & ASSOCIATES, INC.
450 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111

Item 3. Policy Period: From: JANUARY 31, 1975 To: JANUARY 31, 1976
12:01 A.M. Standard Time at the address of the Named Insured as stated herein

Item 4. Coverage: UMBRELLA LIABILITY

Item 5. Limits of Liability: A) $500,000 EXCESS OF UNDERLYING
B) $500,000 PART OF $4,000,000 EXCESS UNDERLYING

Item 6. Premium: Advance: A) $15,766.57
B) $2,111.59 Annual Minimum:
Rate:

If the Policy Period is more than one year and the premium is to be paid in installments, Premium is payable on:

| Effective Date | 1st Anniversary | 2nd Anniversary |
|---|---|---|

In the event of cancellation by the Named Insured, the Company shall receive and retain not less than $600.00 as the policy minimum premium.

Item 7. Schedule of Underlying Insurance:

HIGHLANDS - AS ORIGINAL

Countersignature Date FEBRUARY 20, 19 75

______________________
Authorized Representative

**Northbrook Insurance Company**
Northbrook, Illinois

# Endorsement

Named Insured: UNIGARD MUTUAL INSURANCE COMPANY
IRO TESORO PETROLEUM CORPORATION

Policy No.: 63-300-069
Endorsement No.: ORO

IN CONSIDERATION OF AN ADDITIONAL PREMIUM OF $11,982.34, IT IS UNDERSTOOD AND AGREED THAT ITEM 6 OF THE DECLARATIONS, PREMIUM, IS AMENDED TO SHOW AN ADVANCE PREMIUM OF:

A) $27,301.00
B) $ 2,559.50

IT IS FURTHER UNDERSTOOD AND AGREED THAT ITEM 6 OF THE CERTIFICATE OF FACULTATIVE REINSURANCE, REINSURANCE PREMIUM COMPUTATION, IS AMENDED TO SHOW A MINIMUM PREMIUM FOR THE REINSURANCE PERIOD OF:

A) $27,301.00
B) $ 2,559.50

IT IS ALSO UNDERSTOOD AND AGREED THAT SECTION D, REINSURANCE ACCEPTED, OF ITEM 5 OF THE CERTIFICATE OF REINSURANCE IS AMENDED TO READ AS FOLLOWS:

A) $1 MILLION EACH OCCURRENCE AND AGGREGATE EXCESS OF UNDERLYING

B) $500,000 EACH OCCURRENCE AND AGGREGATE PART OF $4 MILLION EACH OCCURRENCE AND AGGREGATE EXCESS OF $1 MILLION EACH OCCURRENCE AND AGGREGATE EXCESS OF UNDERLYING

IT IS ALSO UNDERSTOOD AND AGREED THAT ITEM 8 OF THE CERTIFICATE OF FACULTATIVE REINSURANCE, CEDING COMMISSION, IS AMENDED TO READ 25%.

This endorsement to take effect on the 31ST day of JANUARY 19 75. All other terms and conditions remain unchanged.

Countersigned: APRIL 15, 1975

Authorized Representative

REINSURANCE

# CERTIFICATE OF FACULTATIVE REINSURANCE

Attached to and forming a part of
Policy No. 63-300-069
Replacing No.
Renewing No.

The Companies listed on the reverse side hereof (herein called the Reinsurers) each for its own part and not one for the other, through Allen, Miller and Associates, Inc. (herein called the Underwriting Managers) do hereby reinsure

1. UNIGARD MUTUAL INSURANCE COMPANY
C/O ALLEN, MILLER AND ASSOCIATES, INC., 450 SANSOME STREET, SAN FRANCISCO, CALIFORNIA 9411
Name and Address of Ceding Company

(herein called the Company) in respect of the Company's policy hereinafter described, in consideration of the payment of the reinsurance premium and subject to the terms, conditions, limits of liability, and Certificate provisions set forth herein, as follows:

2. Name of Insured TESORO PETROLEUM CORPORATION, AS PER ORIGINAL

3. Company Policy No. 1-0524 Address of Insured 520 CROWNHILL BOULEVARD SAN ANTONIO, TEXAS 78209

Effective From: JANUARY 31, 1973 To: JANUARY 31, 1976
(12:01 A.M. Standard Time at the Address of the Insured)

4. Reinsurance Period: From: JANUARY 31, 1975 To: JANUARY 31, 1976
(12:01 A.M. Standard Time at the Address of the Insured)

5. DETAILS OF REINSURANCE COVERAGE:

| SECTION A. Type of Insurance | SECTION B. Policy Limits & Application | SECTION D. Company Retention | SECTION D. Reinsurance Accepted | SECTION E. Basis of Acceptance |
|---|---|---|---|---|
| UMBRELLA LIABILITY | $10 MILLION EACH OCCURRENCE AND AGGREGATE AND $25,000 S.I.R. EXCESS OF UNDERLYING | SUBJECT TO FACULTATIVE REINSURANCE | A) $500,000 EACH OCCURRENCE AND AGGREGATE EXCESS OF UNDERLYING B) $500,000 EACH OCCURRENCE AND AGGREGATE PART OF $4 MILLION EACH OCCURRENCE AND AGGREGATE EXCESS OF $1 MILLION EACH OCCURRENCE AND AGGREGATE EXCESS OF UNDERLYING | A) EXCESS O LOSS B) CONTRIBUT EXCESS |

6. Reinsurance Premium Computation

| Premium Basis | Estimated Exposure | Rate | Est. Premium |
|---|---|---|---|
| | | | |

Deposit Premium $

Minimum Premium for R/I period $ A) $15,766.57 B) 2,111.59
Minimum Premium for Certificate $600.00

7. Audit Period:

8. Ceding Commission: NET PREMIUM

A. The Company warrants to retain for its own account, subject to Treaty and Excess of Loss Reinsurance, the amount of liability specified in Section C. of 5 above, and the liability of the Reinsurers specified in Section D. of 5 above shall follow that of the Company and, except as otherwise provided by this Certificate, shall be subject in all respects to all the terms and conditions of the Company's policy except such as may purport to create a direct obligation of the Reinsurers to the original insured or anyone other than the Company. Except as provided in paragraph I hereof, the Reinsurers shall have no liability hereunder to anyone other than the Company.

The Company shall furnish the Underwriting Managers with a copy of its policy and all endorsements thereto which in any manner affect this reinsurance, and shall make available for inspection and place at the disposal of the Underwriting Managers or the Reinsurers at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

B. The reinsurance hereunder is subject to the Nuclear Incident Exclusion Clause(s) attached hereto.

C. Prompt notice shall be given by the Company to the Underwriting Managers on behalf of the Reinsurers of any occurrence or accident which appears likely to involve this reinsurance and while the Underwriting Managers or the Reinsurers do not undertake to investigate or defend claims or suits, the Underwriting Managers, directly, or through its representatives and/or counsel, shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at the Reinsurers' expense in the defense and control of any claim, suit or proceeding which may involve this reinsurance with the full cooperation of the Company.

D. All claims covered by this reinsurance when settled by the Company shall be binding on the Reinsurers, who shall be bound to pay their proportion of such settlements. In addition thereto, the Reinsurers shall be bound to pay (1) their proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits, and (2) their proportion of court costs, interest on any judgment or award and litigation expenses (provided their prior consent to legal proceedings has been obtained from the Underwriting Managers) as follows: (a) with respect to reinsurance provided on an excess of loss basis, in the ratio that the Reinsurers' loss payment bears to the Company's gross loss payment; and (b) with respect to reinsurance provided on a pro rata basis, in the ratio that the Reinsurers' limit of liability bears to the Company's gross limit of liability.

E. Payment of the Reinsurers' proportion of loss and expense incurred by the Company will be made to the Company promptly upon receipt and approval by the Underwriting Managers of proof of loss in form satisfactory to the Underwriting Managers.

F. The Reinsurers will be paid or credited by the Company with their proportion of salvages, i.e. reimbursement obtained or recovery made by the Company, less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on an excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

G. If any taxes are payable on the premiums ceded hereunder, they shall be paid by the Company.

H. If the reinsurance hereunder attaches prior to the date of acceptance, the Company warrants that there are no known or reported losses which might be recoverable under this Certificate as of the date this reinsurance is accepted.

I. In the event of the insolvency of the Company, this reinsurance shall be payable directly to the Company, or to its liquidator, receiver, conservator or statutory successor on the basis of the liability of the Company without diminution because of the insolvency of the Company or because the liquidator, receiver, conservator or statutory successor of the Company has failed to pay all or a portion of any claim. It is agreed, however, that the liquidator, receiver, conservator or statutory successor of the Company shall give written notice to the Reinsurers of the pendency of a claim against the Company indicating the policy or bond reinsured which claim would involve a possible liability on the part of the Reinsurers within a reasonable time after such claim is filed in the conservation or liquidation proceeding or in the receivership, and that during the pendency of such claim, the Reinsurers may investigate such claim and interpose, at their own expense, in the proceeding where such claim is to be adjudicated any defense or defenses that they may deem available to the Company or its liquidator, receiver, conservator or statutory successor. The expense thus incurred by the Reinsurers shall be chargeable, subject to the approval of the court, against the Company as part of the expense of conservation or liquidation to the extent of a pro rata share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurers.

Where two or more Underwriters are involved in the same claim and a majority in interest elect to interpose defense to such claim the expense shall be apportioned in accordance with the terms of the reinsurance agreement as though such expense had been incurred by the Company.

J. Cancellation of the policy of the Company shall constitute automatic cancellation of this reinsurance. This reinsurance may also be cancelled on a pro rata basis (subject to whichever minimum premium is applicable) by either party mailing or delivering to the other party written notice stating when, not less than thirty (30) days thereafter such cancellation shall be effective.

K It is understood and agreed that the Underwriting Managers are not a Reinsurer hereunder and neither are, nor shall be, in any way or to any extent liable for any loss or claim whatsoever.

L. Allen, Miller and Associates, Inc., 450 Sansome Street, San Francisco, California 94111 is hereby recognized as the intermediary negotiating this reinsurance through which all premiums, loss payments and communications relating to business hereunder shall be transmitted by the parties and which is authorized to receive notice of cancellation on behalf of the Company and the Reinsurers.

M. The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Underwriting Managers.

LIST OF REINSURERS

| Company Name | Proportions Assumed (Each for its own part) (and not one for the other) |
|---|---|
| NORTHBROOK INSURANCE COMPANY | 100% |

By ______________________________
Authorized Signature

# NUCLEAR INCIDENT EXCLUSION CLAUSE—LIABILITY—REINSURANCE

*(Approved by Lloyd's Underwriters' Fire and Non-Marine Association)*

(1) This reinsurance does not cover any loss or liability accruing to the Reassured as a member of, or subscriber to, any association of insurers or reinsurers formed for the purpose of covering nuclear energy risks or as a direct or indirect reinsurer of any such member, subscriber or association.

(2) Without in any way restricting the operation of paragraph (1) of this Clause it is understood and agreed that for all purposes of this reinsurance all the original policies of the Reassured (new, renewal and replacement) of the classes specified in Clause II of this paragraph (2) from the time specified in Clause III in this paragraph (2) shall be deemed to include the following provision (specified as the Limited Exclusion Provision):

**Limited Exclusion Provision.**

I. It is agreed that the policy does not apply under any liability coverage, to bodily injury or property damage with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability.

II. Family Automobile Policies (liability only), Special Automobile Policies (private passenger automobiles, liability only), Farmers Comprehensive Personal Liability Policies (liability only), Comprehensive Personal Liability Policies (liability only) or policies of a similar nature; and the liability portion of combination forms related to the four classes of policies stated above, such as the Comprehensive Dwelling Policy and the applicable types of Homeowners Policies.

III. The inception dates and thereafter of all original policies as described in II above, whether new, renewal or replacement, being policies which either

(a) become effective on or after 1st May, 1960, or

(b) become effective before that date and contain the Limited Exclusion Provision set out above;

provided this paragraph (2) shall not be applicable to Family Automobile Policies, Special Automobile Policies, or policies or combination policies of a similar nature, issued by the Reassured on New York risks, until 90 days following approval of the Limited Exclusion Provision by the Governmental Authority having jurisdiction thereof.

(3) Except for those classes of policies specified in Clause II of paragraph (2) and without in any way restricting the operation of paragraph (1) of this Clause, it is understood and agreed that for all purposes of this reinsurance the original liability policies of the Reassured (new, renewal and replacement) affording the following coverages:

Owners, Landlords and Tenants Liability, Contractual Liability, Elevator Liability, Owners or Contractors (including railroad) Protective Liability, Manufacturers and Contractors Liability, Product Liability, Professional and Malpractice Liability, Storekeepers Liability, Garage Liability, Automobile Liability (including Massachusetts Motor Vehicle or Garage Liability)

shall be deemed to include, with respect to such coverages, from the time specified in Clause V of this paragraph (3), the following provision (specified as the Broad Exclusion Provision):

**Broad Exclusion Provision.**

It is agreed that the policy does not apply:

I. Under any Liability Coverage, to bodily injury or property damage

(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II. Under any Medical Payments Coverage, or under any Supplementary Payments Provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

III. Under any Liability Coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if

(a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(c) the bodily injury or property damage arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories, or possessions or Canada, this exclusion (c) applies only to property damage to such nuclear facility and any property thereat.

IV. As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties; "nuclear material" means source material, special nuclear material or byproduct material; "source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof; "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor; "waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof; "nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations; "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material; "property damage" includes all forms of radioactive contamination of property.

V. The inception dates and thereafter of all original policies affording coverages specified in this paragraph (3), whether new, renewal or replacement, being policies which become effective on or after 1st May, 1960, provided this paragraph (3) shall not be applicable to

(i) Garage and Automobile Policies issued by the Reassured on New York risks, or

(ii) statutory liability insurance required under Chapter 90, General Laws of Massachusetts,

until 90 days following approval of the Broad Exclusion Provision by the Governmental Authority having jurisdiction thereof.

(4) Without in any way restricting the operation of paragraph (1) of this Clause, it is understood and agreed that paragraphs (2) and (3) above are not applicable to original liability policies of the Reassured in Canada and that with respect to such policies this Clause shall be deemed to include the Nuclear Energy Liability Exclusion Provisions adopted by the Canadian Underwriters' Association or the Independent Insurance Conference of Canada.

Attached to and forming part of ~~Certificate~~ Policy No. 63-300-069

Issued to: Unigard Mutual Insurance Company IRO Tesoro Petroleum Corporation

Dated: February 20, 1975

By ______________________________