IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEATON INSURANCE COMPANY, formerly known as Unigard Mutual Insurance Company, Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, as successor to Northbrook Insurance Company Defendant. | Civil Action No. 07-482 |

**FIRST AMENDED COMPLAINT**

By way of this First Amended Complaint, Plaintiff Seaton Insurance Company, formerly known as Unigard Mutual Insurance Company ("Seaton"), states as follows:

**PARTIES**

1. Seaton is an insurance company duly organized and existing under the laws of the State of Rhode Island, having its principal place of business in Rhode Island. Seaton was formerly known as Unigard Mutual Insurance Company ("Unigard") and has succeeded to all the rights and obligations of Unigard, including with respect to the reinsurance certificates that are the subject of this action. For ease of reference Unigard is referred to hereafter as "Seaton." Seaton is licensed to conduct business in Rhode Island.

2. Defendant Allstate Insurance Company ("Allstate") is an insurance and reinsurance company duly organized and existing under the laws of the State of Illinois, having its principal place of business in Northbrook, Illinois. Upon information and belief, Allstate does business in Rhode Island.

3. Also upon information and belief, Allstate has succeeded to all rights and obligations of Northbrook Insurance Company ("Northbrook"), including with respect to the

reinsurance certificates that are the subject of this action. For ease of reference Northbrook is referred to hereafter as "Allstate."

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that Seaton and Allstate are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because, among other things, a substantial part of the events or omissions giving rise to this action occurred in Rhode Island and Allstate is subject to personal jurisdiction in this judicial district.

## INTRODUCTION

6. This is an action by Seaton for reinsurance recoveries due from Allstate under certain certificates of facultative reinsurance issued to Seaton by Allstate (the "Reinsurance Certificates"). Those recoveries are related to payments made by Seaton under certain excess and umbrella policies of insurance issued by Seaton to its underlying policyholders. Seaton also seeks declarations that Allstate is required to indemnify Seaton for additional amounts due under the Reinsurance Certificates as these amounts are paid by Seaton and presented to Allstate for reimbursement.

## COUNT I

### DECLARATORY JUDGMENT IN FAVOR OF SEATON WITH RESPECT TO GULF & WESTERN BILLINGS

7. Seaton incorporates herein by reference the allegations set forth in Paragraphs 1 through 6 above, as if set forth fully herein.

8. For the period from February 1, 1973 to January 1, 1976, Seaton issued an excess umbrella liability insurance policy to Gulf and Western Industries, Inc. ("Gulf & Western").

9. For the period from January 1, 1975 to January 1, 1976, Allstate issued Reinsurance Certificate No. 63-300-063 to Seaton, reinsuring Seaton for specified portions of the risk under the excess umbrella policy issued to Gulf & Western (the "Gulf & Western policy"). A copy of Reinsurance Certificate No. 63-300-063 is attached as Exhibit A.

10. Pursuant to the terms of the Gulf & Western policy, Seaton indemnified and paid expenses to Gulf & Western for certain claims (the "Gulf & Western claims").

11. In accordance with the terms of Reinsurance Certificate No. 63-300-063, Seaton billed Allstate for its share of amounts due in connection with the Gulf & Western claims.

12. Allstate has failed and refused to pay any amounts demanded by Seaton in connection with the Gulf & Western claims.

13. Seaton is entitled to a declaratory judgment, pursuant to U.S.C. § 2201, *et seq.*, for purposes of determining its rights under Reinsurance Certificate No. 63-300-063 with respect to the actual controversy between the parties set forth above and, in connection with this request, Seaton has no adequate remedy at law.

14. Seaton seeks a declaration that Allstate is bound under Reinsurance Certificate No. 63-300-063 to pay its share of any and all amounts paid or to be paid in the future by Seaton under the Gulf & Western policy in connection with the Gulf & Western claims.

## COUNT II

### BREACH OF CONTRACTUAL OBLIGATION TO SEATON WITH RESPECT TO GULF & WESTERN BILLINGS

15. Seaton incorporates herein by reference the allegations set forth in Paragraphs 1 through 14 above, as if set forth fully herein.

16. Allstate has improperly failed to make payment on the billings submitted to date by Seaton under Reinsurance Certificate No. 63-300-063 for Allstate's share of amounts paid by Seaton under the Gulf & Western policy in connection with the Gulf & Western claims.

17. At present, Allstate owes Seaton a total amount in excess of $947,350 under Reinsurance Certificate No. 63-300-063, in connection with the Gulf & Western claims.

18. By improperly failing to make such payments, Allstate has breached its contractual obligations to Seaton under Reinsurance Certificate No. 63-300-063.

19. Seaton has been damaged by Allstate's breaches.

## COUNT III

### DECLARATORY JUDGMENT IN FAVOR OF SEATON WITH RESPECT TO TESORO PETROLEUM BILLINGS

20. Seaton incorporates herein by reference the allegations set forth in Paragraphs 1 through 19 above, as if set forth fully herein.

21. For the period from January 31, 1973 to January 31, 1976, Seaton issued an excess umbrella liability insurance policy to Tesoro Petroleum Corporation ("Tesoro").

22. For the period from January 31, 1975 to January 31, 1976, Allstate issued Reinsurance Certificate No. 63-300-069 to Seaton, reinsuring Seaton for specified portions of the risk under the excess umbrella policy issued to Tesoro (the "Tesoro policy"). A copy of Reinsurance Certificate No. 63-300-069 is attached as Exhibit B.

23. Pursuant to the terms of the Tesoro policy, Seaton indemnified and paid expenses to Tesoro for certain claims (the "Tesoro claims").

24. In accordance with the terms of Reinsurance Certificate No. 63-300-069, Seaton billed Allstate for its share of amounts due in connection with the Tesoro claims.

25. Allstate has failed and refused to pay any amounts demanded by Seaton in connection with the Tesoro claims.

26. Seaton is entitled to a declaratory judgment, pursuant to U.S.C. § 2201, *et seq.*, for purposes of determining its rights under Reinsurance Certificate No. 63-300-069 with respect to the actual controversy between the parties set forth above and, in connection with this request, Seaton has no adequate remedy at law.

27. Seaton seeks a declaration that Allstate is bound under Reinsurance Certificate No. 63-300-069 to pay its share of any and all amounts paid or to be paid in the future by Seaton under the Tesoro policy in connection with the Tesoro claims.

## COUNT IV

## BREACH OF CONTRACTUAL OBLIGATION TO SEATON WITH RESPECT TO TESORO BILLINGS

28. Seaton incorporates herein by reference the allegations set forth in Paragraphs 1 through 27 above, as if set forth fully herein.

29. Allstate has improperly failed to make payment on the billings submitted to date by Seaton under Reinsurance Certificate No. 63-300-069 for Allstate's share of amounts paid by Seaton under the Tesoro policy in connection with the Tesoro claims.

30. At present, Allstate owes Seaton a total amount in excess of $25,450 under Reinsurance Certificate No. 63-300-069, in connection with the Tesoro claims.

31. By improperly failing to make such payments, Allstate has breached its contractual obligations to Seaton under Reinsurance Certificate No. 63-300-069.

32. Seaton has been damaged by Allstate's breaches.

## COUNT V

## ATTORNEYS' FEES

33. Seaton incorporates herein by reference the allegations set forth in Paragraphs 1 through 32 above, as if set forth fully herein.

34. Allstate has failed to make payment to Seaton with respect to the Gulf & Western and Tesoro claims in breach of its contractual obligations.

35. Allstate has raised no justiciable issues of either law or fact as to Seaton's breach of contract claims against Allstate.

36. Seaton is, therefore, entitled to attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45.

**WHEREFORE,** Seaton prays that this Court:

A. Enter judgment that Allstate has breached its contractual obligations to Seaton under the Reinsurance Certificates at issue by failing to pay amounts that Seaton has properly billed to Allstate with respect to the Gulf & Western and Tesoro claims;

B. Award Seaton damages for all sums due on the Gulf & Western and Tesoro claims, in a total amount to be established at trial;

C. Enter a judgment pursuant to 28 U.S.C. § 2201, *et seq.* declaring that Allstate is bound under the Reinsurance Certificates to pay its share of any and all amounts paid or to be paid in the future by Seaton under the Gulf & Western and Tesoro policies in connection with the Gulf & Western and Tesoro claims;

D. Award Seaton attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45;

E. Award Seaton interest, costs and disbursements for this action; and

F. Award Seaton such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

SEATON INSURANCE COMPANY

By its Attorneys,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Anna M. Piazza (#7206)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com
apiazza@haslaw.com

Brian E. O'Donnell
Caroline Brizzolara
RIKER DANZIG SCHERER HYLAND &
PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Tel.: (973) 538-0800
Fax: (973) 538-1984
bodonnell@riker.com
cbrizzolara@riker.com

Dated: February 15, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2008, a copy of the foregoing First Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Anna M. Piazza (#7206)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
gpetros@haslaw.com
apiazza@haslaw.com

872709 (60891-134771)