**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SEATON INSURANCE COMPANY, formerly known as Unigard Mutual Insurance Company<br>Plaintiff, | ) | Civil Action No. 07-482WS |
| vs. | ) | **(JURY DEMANDED)** |
| ALLSTATE INSURANCE COMPANY, as successor to Northbrook Insurance Company<br>Defendant. | ) | |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S**
**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Allstate Insurance Company, as successor in interest to Northbrook Excess and Surplus Insurance Company [formerly Northbrook Insurance Company], ("Allstate"), by and through its counsel, Blish & Cavanagh LLP, answers and raises affirmative defenses to the First Amended Complaint of Plaintiff Seaton Insurance Company ("Plaintiff") as follows:

**PARTIES**

1. Allstate is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph one.

2. Allstate admits that it is an insurance company duly organized and existing under the laws of the State of Illinois, and, therefore has authority to reinsure the classes and lines of business it has authority to insure. Further answering, Allstate admits that it has a principal place of business in Northbrook,

Ill and does business in Rhode Island. Allstate denies the remainder of paragraph two.

3. Allstate admits the allegations contained in paragraph three.

## JURISDICTION AND VENUE

4. Allstate admits that the amount in controversy exceeds $75,000. Allstate is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph four.

5. Allstate admits that Allstate is subject to personal jurisdiction in this judicial district, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph five.

## INTRODUCTION

6. This paragraph purports to describe the relief Plaintiff seeks in this action to which no response is required. To the extent that an answer is required, Allstate denies the allegations and characterizations contained in paragraph six.

## COUNT I -- DECLARATORY JUDGMENT -- GULF & WESTERN

7. Allstate incorporates by reference its answers to paragraphs one through six of the First Amended Complaint as if fully set forth herein.

8. Allstate is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph eight.

9. Allstate admits that it issued to Unigard Mutual Insurance Company Reinsurance Certificate No. 63-300-063, which is a document that speaks for itself. Allstate denies the remainder of paragraph nine.

10. Allstate is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph ten.

11. Allstate admits that Seaton has billed Allstate for amounts purportedly due in connection with the Gulf & Western claims. Allstate denies the remainder of paragraph eleven.

12. Allstate admits that it has not paid the amount billed by Plaintiff with respect to the Gulf & Western claims. Allstate denies the remainder of paragraph twelve.

13. Allstate denies the allegations contained in paragraph thirteen.

14. This paragraph purports to describe the relief Plaintiff seeks in this action to which no response is required. To the extent that an answer is required, Allstate denies the allegations and characterizations contained in paragraph fourteen.

**COUNT II -- BREACH OF CONTRACT -- GULF & WESTERN**

15. Allstate incorporates by reference its answers to paragraphs one through fourteen of the First Amended Complaint as if fully set forth herein.

16. Allstate admits that it has not paid the amount billed by Plaintiff with respect to the Gulf & Western claims. Allstate denies the remainder of paragraph sixteen.

17. Allstate denies the allegations contained in paragraph seventeen.

18. Allstate denies the allegations contained in paragraph eighteen.

19. Allstate denies the allegations contained in paragraph nineteen.

**COUNT III -- DECLARATORY JUDGMENT -- TESORO**

20. Allstate incorporates by reference its answers to paragraphs one through nineteen of the First Amended Complaint as if fully set forth herein.

21. Allstate is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-one.

22. Allstate admits that it issued to Unigard Mutual Insurance Company Reinsurance Certificate No. 63-300-069, which is a document that speaks for itself. Allstate denies the remainder of paragraph twenty-two.

23. Allstate is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-three.

24. Allstate admits that Seaton has billed Allstate for amounts purportedly due in connection with the Tesoro claims. Allstate denies the remainder of paragraph twenty-four.

25. Allstate admits that it has not paid the amount billed by Plaintiff with respect to the Tesoro claims. Allstate denies the remainder of paragraph twenty-five.

26. Allstate denies the allegations contained in paragraph twenty-six.

27. This paragraph purports to describe the relief Plaintiff seeks in this action to which no response is required. To the extent that an answer is required, Allstate denies the allegations and characterizations contained in paragraph twenty-seven.

**COUNT IV -- BREACH OF CONTRACT -- TESORO**

28. Allstate incorporates by reference its answers to paragraphs one through twenty-seven of the First Amended Complaint as if fully set forth herein.

29. Allstate admits that it has not paid the amount billed by Plaintiff with respect to the Tesoro claims. Allstate denies the remainder of paragraph twenty-nine.

30. Allstate denies the allegations contained in paragraph thirty.

31. Allstate denies the allegations contained in paragraph thirty-one.

32. Allstate denies the allegations contained in paragraph thirty-two.

**COUNT V -- ATTORNEYS' FEES**

33. Allstate incorporates by reference its answers to paragraphs one through thirty-two of the First Amended Complaint as if fully set forth herein.

34. Allstate denies the allegations contained in paragraph thirty-four.

35. Paragraph thirty-five contains only conclusions of law to which no responsive pleading is required. To the extent that an answer is required, Allstate denies the allegations and characterizations contained in paragraph thirty-five.

36. Allstate denies the allegations contained in paragraph thirty-six.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State Claim)**

Plaintiff has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Breach of Contract)**

Plaintiff's claims are barred to the extent Plaintiff has failed to comply with the provisions of the facultative reinsurance contracts and to perform according to the terms of the contracts.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to Perform Condition Precedent)**

Plaintiff's claims are barred to the extent Plaintiff has failed to comply with one or more conditions precedent under the facultative reinsurance contracts.

**FOURTH AFFIRMATIVE DEFENSE**
**(Notice of Claim)**

Plaintiff breached the facultative reinsurance contracts to the extent Plaintiff has failed to provide timely notice of claims as required by such contracts, including timely notice of any occurrence likely to result in a claim.

**FIFTH AFFIRMATIVE DEFENSE**
**(Successorship)**

Plaintiff's claims are barred to the extent that Plaintiff is not a successor to Unigard Mutual Insurance Company, the named reinsured under the facultative reinsurance contracts.

**SIXTH AFFIRMATIVE DEFENSE**
**(Complete Performance)**

To the extent Allstate had any obligations to Plaintiff under the facultative reinsurance contracts, such obligations have been fully, completely and properly performed in accordance with the terms and conditions of the contract.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Sworn Proof of Loss)**

Plaintiff breached the facultative reinsurance contracts to the extent Plaintiff has failed to provide a sufficient proof of loss as required by such contracts.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Allocation)**

Plaintiff's claims are barred due to Plaintiff's failure to properly allocate its loss and expense in connection with the claims at issue.

**NINTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

Allstate reserves the right to raise additional and/or alternative affirmative defenses and to amend its Answer, if necessary, as this case progresses.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Allstate demands a trial by jury of all issues herein triable of right by a jury.

**WHEREFORE**, Allstate respectfully requests that this Court:

(1) enter judgment in Allstate's favor and against Plaintiff;
(2) dismiss with prejudice all causes of action asserted by Plaintiff in its Complaint;
(3) award Allstate its costs of suit; and
(4) grant such other and further relief as is just and proper.

ALLSTATE INSURANCE COMPANY

By its Attorneys,

/s/ Joseph V. Cavanagh, III
Joseph V. Cavanagh, Jr. (#1139)
Joseph V. Cavanagh, III (#6907)
BLISH & CAVANAGH LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Tel. (401) 831-8900
Fax. (401) 751-7542
jvc@blishcavlaw.com
jvc3@blishcavlaw.com

Of counsel:

Benjamin L. Hincks, Esq.
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, PC
One Financial Center
Boston, Massachusetts 02111
Tel. (617) 542-6000
Fax. (617) 542-2241
bhincks@mintz.com

Dated: April 1, 2008

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2008, the within document was electronically filed via the Electronic Case Filing System of the United States District Court for viewing and downloading from that system and electronic distribution to all counsel of record:

Gerald J. Petros, Esq.
Anna M. Piazza, Esq.
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
gpetros@haslaw.com
apiazza@haslaw.com

/s/ Joseph V. Cavanagh, III
of Blish & Cavanagh LLP